# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 13-4791-cv

**Motion for:** Judicial notice

**Caption [use short title]:** In re: Vitamin C Antitrust Litigation

Set forth below precise, complete statement of relief sought:

Amicus Ministry of Commerce of the People's Republic of China requests that the Court take judicial notice of a diplomatic correspondence from the Embassy of the People's Republic of China to the U.S. State Department. A copy of that document is attached to the moving papers.

**MOVING PARTY:** Ministry of Commerce of the People's Republic of China (Amicus Curiae)
- [ ] Plaintiff
- [ ] Defendant
- [ ] Appellant/Petitioner
- [ ] Appellee/Respondent

**OPPOSING PARTY:** Animal Science Products, Inc., The Ranis Company, Inc.

**MOVING ATTORNEY:** Carter G. Phillips
**OPPOSING ATTORNEY:** William A. Isaacson

[name of attorney, with firm, address, phone number and e-mail]

Sidley Austin LLP, 1501 K St. N.W.
Washington, D.C. 20005
(202) 736-8000; cphillips@sidley.com

Boies, Schiller & Flexner LLP, 5301 Wisconsin Ave. N.W.
Washington, D.C. 20015
(202) 237-5607; wisaacson@bsfllp.com

**Court-Judge/Agency appealed from:** U.S. District Court for the Eastern District of New York (Cogan, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
- [✔] Yes [ ] No (explain):

Opposing counsel's position on motion:
- [✔] Unopposed [ ] Opposed [ ] Don't Know

Does opposing counsel intend to file a response:
- [ ] Yes [ ] No [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below? [ ] Yes [ ] No
Has this relief been previously sought in this Court? [ ] Yes [ ] No
Requested return date and explanation of emergency:

Is oral argument on motion requested? [ ] Yes [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✔] No  If yes, enter date:

**Signature of Moving Attorney:** /s/ Carter G. Phillips
**Date:** 5/23/2014
**Service by:** [✔] CM/ECF  [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

IN THE UNITED STATES COURT OF APEALS

FOR THE SECOND CIRCUIT

| | |
|---|---|
| IN RE: VITAMIN C ANTITRUST LITIGATION | No. 13-4791-cv |
| ANIMAL SCIENCE PRODUCTS, INC. THE RANIS COMPANY, INC.<br><br>Plaintiffs-Appellees,<br><br>vs.<br><br>HEBEI WELCOME PHARMACEUTICAL CO., LTD., NORTH CHINA PHARMACEUTICAL GROUP CORPORATION<br><br>Defendants-Appellants. | **MOTION OF *AMICUS CURIAE* MINISTRY OF COMMERCE OF THE PEOPLE'S REPUBLIC OF CHINA REQUESTING JUDICIAL NOTICE** |

Pursuant to Federal Rule of Evidence 201(b)(2), *Amicus* The Ministry of Commerce of the People's Republic of China (MOFCOM) respectfully asks this Court to take judicial notice of a diplomatic communication ("Diplomatic Note") from the Embassy of the People's Republic of China to the United States Department of State. The Diplomatic Note is dated April 9, 2014 and is attached as Appendix A to the Declaration of Carter G. Phillips, submitted herewith. Counsel for all parties have been advised of this motion. They do not object to it.

Rule 201(d) provides that "[j]udicial notice may be taken at any stage of the proceeding." In keeping with that broad language, it is well established that the

Rule "permits this court to take judicial notice" where pertinent material is "presented for the first time on appeal." *Sprague & Rhodes Commodity Corp. v. Instituto Mexicano Del Café*, 566 F.2d 861, 862 (2d Cir. 1977). *See also Conopco, Inc. v. Roll, Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (taking judicial notice of state court order entered in a related action after district court proceedings concluded); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 n.2 (3d Cir. 2000) (judicial notice of newspaper article published while appeal was pending); *Fornalik v. Perryman*, 223 F.3d 523, 529 (7th Cir. 2000) (judicial notice of an agency order).

Courts may properly give judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot be readily questioned." Fed. R. Evid. 201(b)(2). That standard is easily met here. The key fact conveyed by the Diplomatic Note is that the Government of China is sufficiently disturbed by the judgment now on appeal, and by the course of proceedings below, to engage the United States Government in an official inter-governmental dialogue about this case. That fact can be "accurately and readily" determined from the Note, which indeed provides direct and unequivocal evidence in that regard. Moreover, the accuracy of the Diplomatic Note cannot seriously be questioned. The Note is printed on the official letterhead of the Embassy of China and bears the Embassy's official seal. Further, an Embassy official conveyed a copy of the note to undersigned counsel for MOFCOM, who in turn have now presented the document

2

to the Court for its consideration.  *See* Phillips Decl. ¶¶ 2-4.  In fact, as reflected by a notation on page two of the Diplomatic Note, Embassy officials conveyed a copy of this letter directly to the Court at the time of its delivery to the State Department.  Accordingly, it is likely that the Clerk of Court has already received a copy of the Diplomatic Note.  Nonetheless, this motion serves the salutary purpose of giving notice of that communication to the parties, and to the public.

For the foregoing reasons, this unopposed motion should be granted, and this Court should take judicial notice of the Diplomatic Note.

Dated:  May 23, 2014                                         Respectfully submitted,

/s/ Carter G. Phillips
Carter G. Phillips
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
*Attorneys for Amicus Curiae
Ministry of Commerce of the
People's Republic of China*

3